UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

      Alecia Fennell,

                 Debtor.
---------------------------------------------------------X

Chapter 13

Case No. 10-49969-CEC

<u>DECISION</u>

APPEARANCES:

Michelle Labayen, Esq.
Lutzky & Labayen, LLP
420 Lexington Avenue
New York, New York 10170
Attorneys for the Debtor

David A. Bythewood, Esq.
The Law Office of David A. Bythewood
85 Willis Avenue
Mineola, New York 11501
Attorney for the Debtor

Barbara Dunleavy, Esq.
Rosicki, Rosicki & Associates
51 East Bethpage Road
Plainview, New York 11803
Attorneys for Sundaram, LLC

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of Sundaram, LLC seeking relief from the automatic stay with respect to the property of Alecia Fennell located at 116-49 171 Street, Jamaica, New York 11434. Ms. Fennell, the Chapter 13 debtor, opposes the motion, arguing that Sundaram, LLC lacks standing to request relief from the automatic stay. For the reasons set forth below, Sundaram, LLC has standing to request relief from the automatic stay and, because "cause" exists under § 362(d)(1) of the Bankruptcy Code, the motion is granted.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b), and the Eastern District of New York standing order of reference dated August 28, 1996. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(G). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

On October 23, 2010, Alecia Fennell (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code and a Chapter 13 plan. On her Schedule A, the Debtor lists a fee simple ownership interest in a single family house located at 116-49 171st Street, Jamaica, New York 11434 (the "Property"). The Debtor lists the value of the Property as $281,208.00.

The Debtor filed an amended Chapter 13 plan on December 15, 2010.

On December 29, 2010, Kondaur Capital Corporation ("Kondaur") filed a proof of claim, asserting a secured claim in the amount of $334,444.76, including arrearages totaling $54,264.37. In support of its proof of claim, Kondaur attached: (1) a promissory note (the "Note") dated June 29, 2007 made payable to Option One Mortgage Corporation ("Option One"); (2) an allonge in which Option One endorsed the Note in blank; (3) a mortgage on the

Property to Option One dated June 29, 2007 (the "Mortgage"); and (4) two assignments of the

Mortgage, the last of which assigned the Mortgage to Kondaur.

On December 29, 2010, Kondaur filed an objection to the Debtor's amended Chapter 13

plan on the basis that the plan failed to pay all of the pre-petition mortgage arrearages owed to

Kondaur as required by §§ 1325(b)(3) and (5).[1]

In response, the Debtor filed her second amended Chapter 13 plan, which proposed to

pay Kondaur's pre-petition mortgage arrearages in full, while making all post-petition mortgage

payments outside of the plan.  Shortly thereafter, Kondaur filed a letter withdrawing its

objection.

The Debtor filed two more amended Chapter 13 plans, neither of which altered the

treatment of Kondaur's secured claim.  The Debtor's Fourth Amended Chapter 13 plan was

confirmed by order dated March 14, 2011 (the "Confirmed Plan").

On May 24, 2011, a Consent/Affidavit and Assignment of Claim No.2-1 was filed,

assigning Kondaur's claim, in the sum of $334,444.76, to Sundaram, LLC ("Sundaram").

On June 13, 2011, in response to a motion filed by the Chapter 13 trustee to dismiss the

Debtor's case, the Debtor sought to modify the Confirmed Plan by filing her Fifth Amended Plan

(the "Modified Plan").  The Modified Plan increased the Debtor's monthly payments to pay all

unsecured claims in full, while still providing that "Kandor Capital Corporation," as mortgagee,

was to be paid pre-petition arrears of $54,264.37 over the life of the plan, and that all post-

petition payments would be made outside of the plan.

On September 23, 2011, the Court issued an order that, among other things, approved the

Modified Plan.

---

[1] Unless otherwise indicated, all statutory references are to provisions of Title 11, U.S.C.

On December 13, 2011, Sundaram moved for relief from the automatic stay pursuant to § 362(d)(1) to allow it to exercise its rights and remedies with respect to the Property (the "Lift Stay Motion").  In its motion, Sundaram argues that the Debtor's failure to remain current under the terms of the Note and Mortgage and to pay the real estate taxes on the Property constitute cause to lift the stay under § 362(d)(1).

 The Debtor filed opposition to the Lift Stay Motion on January 3, 2012, arguing that the Lift Stay Motion must be denied because Sundaram lacks standing to request relief from the automatic stay.   The Debtor asserts that the documentation Sundaram filed in support of the Lift Stay Motion does not establish that Sundaram is a creditor of the Debtor.  Specifically, the Debtor argues (1) that the assignments of the Note and Mortgage are unenforceable because insufficient evidence has been introduced to establish that the signatories on the allonges possess the authority to bind, or are even affiliated with, the assigning entities; (2) that pursuant to the allonges, only the Mortgage, and not the Note, was assigned to Sundaram; (3) that the evidence introduced by the movant in support of the Lift Stay Motion is inadmissible hearsay; and (4) that the documents filed by Sundaram evidence certain irregularities, such as unconventional language and individuals signing on behalf of multiple entities, that suggest fraud.  Given these alleged defects, the Debtor contends that the assignments of the Note and Mortgage are invalid, and therefore, Sundaram lacks the requisite standing to move for relief from the automatic stay.

In response to the Debtor's contention that it lacks standing to seek stay relief, Sundaram makes two arguments.  First, Sundaram argues that the Debtor is precluded from challenging the validity of its lien by virtue of the Debtor's confirmed Chapter 13 plan.  Second, Sundaram argues that regardless of the alleged defects in the allonges, under New York law, Sundaram's

physical possession of the Note is sufficient to confer standing to move for relief from the automatic stay.

The Debtor disputes both of Sudaram's two contentions.  First, the Debtor asserts that its confirmed Chapter 13 plan does not preclude her from challenging Sundaram's standing because the alleged defects in the chain of title of the Note and Mortgage did not come to light until the Lift Stay Motion was filed.  And second, while acknowledging that New York law permits the assignment of a promissory note and mortgage through physical transfer, the Debtor urges the Court to reject Sundaram's physical possession of the Note as evidence of a transfer because of the various alleged defects in the supporting documentation.

The Lift Stay Motion was heard on January 12, 2012.  After the hearing, the Court issued an order directing the Debtor and Sundaram to each file a brief as to whether possession of a note and mortgage, without more, is a sufficient basis to confer standing to seek relief from the automatic stay.  The Court also directed the Debtor to file and serve a schedule providing for the payment into escrow of the mortgage arrearages totaling $21,027, in addition to the monthly mortgage payments as they become due.

A second hearing on the Lift Stay Motion was held on February 23, 2012 and the matter was taken under advisement.

DISCUSSION

I.    <u>Sundaram's Standing to Request Relief from the Automatic Stay</u>

In determining whether Sundaram has standing to request relief from the automatic stay, the threshold issue that must be addressed is the preclusive effect of the Debtor's confirmed Chapter 13 plan.

A.  <u>The Effect of a Confirmed Chapter 13 Plan</u>

The confirmation of a Chapter 13 plan "as a general rule . . . binds the debtor and each creditor as to each matter resolved, as well as those that could have been resolved, in the plan." <u>Lamarche v. Miles</u>, 416 B.R. 53, 58-59 (E.D.N.Y. 2009) (citing 11 U.S.C § 1327(a)).  In fact, "[c]ase law is clear that a confirmation order is res judicata as to the amount of a creditor's claim, its treatment under the plan and other issues that were or could have been decided in the confirmation process." <u>In re Lemma</u>, 394 B.R. 315, 323 (Bankr. E.D.N.Y. 2008) (citing <u>In re Layo</u>, 460 F.3d 289, 293–94 (2d Cir.2006); <u>Marlow v. Sweet Antiques</u>, 216 B.R. 975, 979 (Bankr.N.D.Ala.1998); and <u>In re Sullivan</u>, 321 B.R. 306, 308 (Bankr.M.D.Fla.2005)).  This conclusiveness comports with "Congress' expressed intention that confirmation give debtors and creditors finality with respect to satisfaction of outstanding debt."  <u>In re Layo</u>, 460 F.3d at 294.

In this case, the Debtor's Chapter 13 plan, as initially confirmed and as modified, specifically addresses the secured claim in question.  The Debtor's Chapter 13 plan provides in relevant part, that "[h]olders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows: All post-petition payments, including, but not limited to, mortgage payments to Kandor Capital Corporation [are]. . . to be made outside of the plan.  Kandor Capital Corp. (mortgage) [is] to be paid pre-petition arrears in the sum of $54,264.37 over the life of the plan."  (ECF Nos. 24, 28.)

Thus, the relevant inquiry in this case is whether a Chapter 13 plan that provides for the treatment of a secured claim resolves the validity of that claim such that it cannot be challenged post-confirmation.  That question was answered affirmatively by the Second Circuit in <u>Celli v. First National Bank of Northern New York (In re Layo)</u>, a case virtually on all fours with the one at bar.

In <u>Layo</u>, the bankruptcy court confirmed a Chapter 13 plan that provided for payment of a claim secured by a first mortgage on the debtor's property. 460 F.3d at 291. The secured creditor moved post-confirmation to lift the automatic stay to foreclose on the property. <u>Id</u>. In response, the debtor and Chapter 13 trustee filed a complaint seeking to avoid the mortgage based on the assertion that the mortgage had already been discharged. <u>Id</u>. Although the secured creditor admitted many of the factual allegations in the complaint, it raised the defense that the confirmed Chapter 13 plan was res judicata as to its position as a holder of a secured claim. <u>Id</u>. After the bankruptcy court ruled in favor of the debtor and the Chapter 13 trustee, the District Court reversed. <u>Id</u>. at 291-92. The Second Circuit affirmed the District Court, holding that the confirmed Chapter 13 plan was res judicata as to the Debtor's post-confirmation challenge to the creditor's claim. <u>Id</u>. at 295-96.

The Second Circuit explained that confirmation of the debtor's chapter 13 plan and the post-confirmation challenge to the creditor's mortgage both involved the same issue: whether the underlying lien was valid. <u>Id</u>. at 292. The court noted that there were "clear opportunities to object to the validity of the mortgage lien listed in the confirmed Chapter 13 plan- when [the secured creditor] filed its claim in the amount of $99,000 and when [the debtor] consented to and included that claim in his final Chapter 13 plan." <u>Id</u>. at 293. Accordingly, because Chapter 13 confirmation orders "constitute a final judgment on the merits," the plan was res judicata with respect to the post-confirmation challenge to the secured creditor's lien.[2] <u>Id</u>. at 294.

---

[2] The only notable difference between the facts of this case and those of <u>Layo</u> is that, unlike the party seeking relief from the automatic stay in <u>Layo</u>, Sundaram is the assignee of a claim that was included in the confirmed Chapter 13 plan. While the doctrine of res judicata requires "an identicality, or privity, of the plaintiffs and defendants in the initial and subsequent actions," this requirement of "privity is not strictly imposed where the party against whom claim preclusion is sought has, in essence, already received his or her day in court, and the application of res judicata would not alter this conclusion." <u>In re Ward</u>, 423 B.R. 22, 28-29 (Bankr. E.D.N.Y.) (quoting <u>Pharr v. Evergreen Garden, Inc.</u>, 123 Fed.Appx. 420, 424 (2d Cir.2005)). Furthermore, "[p]rivity includes 'those who are successors to a property interest,'" a requirement met by Sundaram. <u>Pharr</u>, 123 Fed.Appx. at 424 (quoting <u>Watts v. Swiss Bank Corp.</u>, 27 N.Y.2d 270, 277 (1970)).

Here, too, the Debtor had multiple opportunities to object to the secured claim that Sundaram now seeks to enforce.   Kondaur filed its proof of claim on December 29, 2010, after which the Debtor filed four additional amended Chapter 13 plans, each specifically providing for the payment of the arrearages on Kondaur's secured claim and including language stating that all holders of secured claims "shall retain the liens securing such claims."

The Debtor counters that it did not object to Kondaur's claim because the alleged defects in the chain of title were not apparent until Sundaram filed the Lift Stay Motion.   In fact, the Debtor asserts that the "documents had been secreted from [her]."   (Debtor's Brief, ECF No. 55 at 18.)

The record in this case contradicts this assertion.   The documents filed in support of the Lift Stay Motion are identical to those filed in support of Kondaur's proof of claim in December of 2010, with the exception of the subsequent allonge assigning the Note from Kondaur to Sundaram.   As a consequence, except for that allonge, every alleged defect the Debtor now points to in support of her challenge to Sundaram's standing to seek stay relief -- from the title of the signatory on the allonge that endorsed the Note in blank to the allonges' lack of notarization --were present in the documents filed in support of Kondaur's proof of claim.   Clearly, the Debtor had the opportunity to object to Kondaur's standing based upon these alleged defects prior to plan confirmation.   Instead, the Debtor expressly provided for payment on the secured claim in question in her initial Chapter 13 plan and in each successive amended Chapter 13 plan, including the plan that was ultimately confirmed.[3]

---

[3] In her final brief on this motion, the Debtor argues that the Modified Plan should be revoked because she was "induced to submit it by material omissions which constitute fraud in the inducement."   (Debtor's Brief, ECF No. 55 at 17-18.)  Although the Debtor has not properly commenced an adversary proceeding to revoke her confirmed Chapter 13 plan pursuant to Section 1330, as required by Bankruptcy Rule 7001(5), such relief would not be appropriate in any event.  As a preliminary matter, the Debtor is barred by the 180-day statute of limitations in Section 1330.  In addition, the Debtor has made no showing that the actions of Kondaur or Sundaram warrant revocation of the Confirmed Plan nor that the alleged fraud was in any way concealed from the Debtor during the

Moreover, "[a]s a general rule, newly discovered evidence does not preclude the application of res judicata." Id. (quoting Saud v. Bank of New York, 929 F.2d 916, 920 (2d Cir. 1991) (emphasis in original)).  Exceptions to this rule are limited to situations "when the evidence was either fraudulently concealed or when it could not have been discovered with due diligence." Id.

The evidence the Debtor seeks to use as a basis to challenge Sundaram's standing does not fit within the "fraud exception" to res judicata.  "A plaintiff seeking to apply the fraud exception to res judicata must 'allege with particularity' what the defendant 'did to conceal any material information' and why it 'was unable to discover' defendant's actions." Ningbo Products Import & Export Co., Ltd. v. Eliau, 2011 WL 5142756, at *9 (S.D.N.Y. 2011) (quoting Rafter v. Liddle, 704 F.Supp. 370, 377–78 (S.D.N.Y.2010)).  The Debtor has not satisfied this requirement.  She has not alleged with particularity any "fraud" that Kondaur, or Sundaram, engaged in that prevented the Debtor from discovering the alleged defects in the chain of title of the Note and Mortgage.  To the contrary, the record establishes that the documents containing these alleged defects were not concealed, but were filed with Kondaur's proof of claim.

The Debtor, prior to and in connection with the confirmation hearing, had ample opportunity to challenge the validity of the transfer of the Note and Mortgage to Kondaur. Accordingly, the Debtor's confirmed Chapter 13 plan is res judicata as to any challenge to the validity of the chain of title of the Note and Mortgage, except for the final transfer from Kondaur to Sundaram.

---

180-day time limit of Section 1330.  Nor could the Debtor seek relief pursuant to Federal Rule of Bankruptcy 9024, which incorporates Federal Rule of Civil Procedure 60, as a means to evade Section 1330's time limit.  Duplessis v. Valenti, 310 B.R. 138 (B.A.P. 9th Cir. 2004).

B.  The Transfer of the Original Note to Sundaram

In support of the Lift Stay Motion, Sundaram has filed copies of the Note and Mortgage, as well as allonges purporting to transfer the Note and the Mortgage from Kondaur to Sundaram. (ECF No. 42.)  The allonge that purports to endorse the Note from Kondaur to Sundaram, however, was not filed with the Lift Stay Motion, but rather with the papers filed in response to the Debtor's opposition to the Lift Stay Motion.  (ECF No. 49.)  The Debtor asserts that this late production of the allonge is additional evidence that Sundaram and its predecessors in interest engaged in fraudulent practices.  However, even if the allonge purporting to assign the Note from Kondaur to Sundaram is given no effect, Sundaram still has standing to request relief from the automatic stay, by virtue of its physical possession of the Note, endorsed in blank by Option One, the original payee.

Under New York law, an endorsement in blank transforms a promissory note into bearer paper, the negotiation of which can be effectuated by physical delivery.  N.Y.U.C.C. LAW §§3-204(2), 3-301; N.Y. REAL PROPERTY LAW § 244.  "Delivery requires the physical transfer of the instrument from assignor to assignee."  In re Mims, 438 B.R. 52, 56 (Bankr. S.D.N.Y. 2010) (citing Bank of New York v. Mulligan, No. 29399-07, 2010 WL 3339452, at *6 (N.Y.Sup.Ct., Kings Couty Aug. 25, 2010).  The transfer of a promissory note additionally effects the transfer of any corresponding mortgage, regardless of whether the mortgage itself was separately transferred.  In re Escobar, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011) (quoting Bank of N.Y. v. Silverberg, 926 N.Y.S.2d 532, 537(N.Y. App. Div.2011) ("once a promissory note is tendered to and accepted by an assignee, the mortgage passes as incident to the note. . .").

In the instant case, it is undisputed that Sundaram holds the original Note.  (ECF No. 62 at 24, 40.)  Further, as previously discussed, the doctrine of res judicata precludes the Debtor

from challenging the validity of the endorsement of the Note in blank by Option One. Accordingly, whether or not the allonge purporting to assign the Note from Kondaur to Sundaram is given effect, Sundaram holds the Note as bearer paper.  As such, Sundaram has standing to request relief from the automatic stay.  See In re Escobar, 457 B.R. 229, 241 (Bankr. E.D.N.Y. 2011) (finding that movants had standing to seek stay relief "by virtue of possession of the original notes executed with endorsements in blank (pay to the order of ___).").

It should be noted that this Court is making no determination whether Sundaram is entitled to a judgment of foreclosure.  As Judge Trust explained in In re Escobar, "[w]hether movants can ultimately prevail in the state foreclosure action and obtain a judgment of foreclosure is for the state courts to determine."  457 B.R. at 241.  Sundaram has, however, through its physical possession of the Note and Mortgage, and the allonge endorsing the Note in blank, met its burden of establishing that it possesses standing to request relief from the automatic stay pursuant to § 362(d)(1).

II.    Cause exists to Lift the Automatic Stay

In the Lift Stay Motion, Sundaram argues that the Debtor's failure to remain current under the terms of the Note and Mortgage and to maintain the property taxes on the Property constitute "cause" to lift the stay under § 362(d)(1).   Sundaram alleges that the Debtor is in default post-petition in the amount of $21,027.00 and owes outstanding taxes in the amount of $4,371.99.   "A debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay."  In re Taylor, 151 B.R. 646, 648 (E.D.N.Y. 1993); see also In re Schuessler, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) ("To be sure, the failure to make mortgage payments constitutes "cause" for relief from the automatic

stay and is one of the best examples of a "lack of adequate protection" under Section 362(d)(1) of the Bankruptcy Code.").

On a motion for relief from the automatic stay pursuant to § 362(d), the debtor bears the burden of proof on all issues other than establishing the debtor's equity in the property. 11 U.S.C. § 362(g). Here, the Debtor has introduced no evidence to contradict Sundaram's assertion that she is delinquent on her mortgage payments. In addition, the Debtor failed to comply with the order of this Court dated January 25, 2012, directing her to file a schedule indicating that the mortgage arrearages have been deposited into escrow. Thus, Sundaram has made, at the very least, a prima facie showing that "cause" exists to lift the stay, and the Debtor has not contravened this showing or met her burden by introducing evidence to establish otherwise. Accordingly, the standard under § 362(d)(1) is met to lift the automatic stay to allow Sundaram to pursue its available rights and remedies with respect to the Property.

CONCLUSION

For the reasons set forth above, Sundaram's motion requesting relief from the automatic stay with respect to the property located at 116-49 171 Street, Jamaica, New York 11434 is granted. A separate order will issue.



**Dated: Brooklyn, New York**
**May 2, 2012**

_Carla E. Craig_
**Carla E. Craig**
**United States Bankruptcy Judge**